# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JAMIE S. LEACH and LEACHCO, INC., )
                           Plaintiffs, )
vs.                                           )    Case No. CIV-16-1034-M
PHARMEDOC INC., )
                           Defendant. )

## ORDER

Before the Court is defendant's Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction, filed November 14, 2016. On December 2, 2016, plaintiffs filed their response, and on December 9, 2016, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff Leach is the owner of a patent regarding a body pillow. Plaintiff Leachco has been the exclusive licensee of the patent. Defendant is in the business of selling health and wellness products. Plaintiffs allege that defendant has used, sold, and offered for sale body pillows that infringe certain claims of the patent. On September 7, 2016, plaintiffs filed the instant action against defendant, alleging patent infringement. Defendant now moves this Court to dismiss this action because this Court lacks personal jurisdiction over defendant.[1]

Because this is a patent infringement action, "when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies". *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) (internal

---

[1] In their response, plaintiffs state that they are making no claim of general jurisdiction. Instead, plaintiffs assert that this Court has specific jurisdiction because defendant has shipped the accused infringing products into Oklahoma.

citation omitted). "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324 (Fed. Cir. 2008) (internal citation omitted). Because Oklahoma's long-arm statute is coextensive with the limits of due process, *see* Okla. Stat. tit. 12, § 2004(F), this Court's only inquiry is whether or not exercising personal jurisdiction over defendant in Oklahoma comports with federal due process.

"To establish specific jurisdiction, a plaintiff must demonstrate that the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Avocent*, 552 F.3d at 1330 (internal quotations and citations omitted). Once a plaintiff has made the above-demonstration, a court must determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *See id.* at 1331. To make this determination, a court should consider the following relevant factors: "[1] the burden on the defendant, [2] the forum State's interest in adjudicating the dispute, [3] the plaintiff's interest in obtaining convenient and effective relief, [4] the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and [5] the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (internal quotations and citations omitted).

Further,

> where the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction. In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the

2

> plaintiff's complaint as true and resolve any factual conflicts in the
> affidavits in the plaintiff's favor.

*Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (internal citations omitted).

In the case at bar, defendant is not an Oklahoma company; its offices are in California, and defendant has no property, assets, operations or personnel in Oklahoma. Defendant asserts that it does not advertise or promote its products in Oklahoma. Defendant does have a website. Defendant has previously sold products on its website, but currently its website is not interactive and products are not sold on it. However, at least one of the pillows at issue in this case was bought on defendant's website, was shipped from defendant's headquarters in California, and was shipped to Oklahoma. Additionally, defendant sells pillows through amazon.com and uses Amazon's fulfillment services to ship orders received on amazon.com. At least three of the pillows at issue were bought on amazon.com and were shipped to Oklahoma.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have met their burden of showing that this Court can exercise personal jurisdiction over defendant. Specifically, the Court finds that defendant has purposefully directed its activities at Oklahoma residents. Defendant has sold at least four, and likely more, of the allegedly infringing body pillows to Oklahoma residents. At least one of the pillows was sold directly from defendant's website. Further, while the remaining pillows were sold through amazon.com and shipped through Amazon's fulfillment services, the Court finds such sales to Oklahoma residents are properly attributed to defendant when determining whether it has purposefully directed its activities at Oklahoma residents. Other courts, when faced with the use of Amazon to transact business, have focused on the extent to which the website is used as a means for establishing regular business with a remote forum and have found jurisdiction is proper when a sophisticated

seller operates a commercial business through Amazon. *See Envirocare Techs., LLC v. Simanovsky*, No. 11-CV-3458 (JS) (ETB), 2012 WL 2001443, at *3 (E.D.N.Y. June 4, 2012). As one court has stated: "Sellers cannot expect to avail themselves of the benefits of the internet-created world market that they purposefully exploit and profit from without accepting the concomitant legal responsibilities that such an expanded market may bring with it." *Dedvukaj v. Maloney*, 447 F. Supp. 2d 813, 820 (E.D. Mich. 2006). Accordingly, the Court finds that even though defendant did not personally manage the amazon.com website through which it sold its products, because defendant was operating a commercial business through Amazon, defendant's internet-based activities established regular business with foreign jurisdictions, including Oklahoma. The Court further finds that defendant's sale and shipment of the allegedly infringing body pillows to residents of Oklahoma though amazon.com is sufficient to satisfy due process' minimum contacts inquiry.

Additionally, the Court finds that plaintiffs' claims arise out of the sales of the allegedly infringing products to Oklahoma consumers. Under Federal Circuit law, a claim for patent infringement based on sales of an allegedly infringing product occurs at the location "where allegedly infringing sales are made." *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir. 1994). Further, the location of a sale for purposes of patent infringement includes the location of the buyer. *See id.* at 1579. Thus, in the case at bar, the location of the sale of the allegedly infringing pillows occurred, in part, in Oklahoma.

Finally, the Court finds the assertion of personal jurisdiction over defendant would comport with fair play and substantial justice. First, the Court finds that the burden of defending this action imposed on defendant by plaintiffs' choice of forum is not sufficient to render jurisdiction a

violation of the Due Process Clause.  The advancements in communications and transportation have made defending a lawsuit in a foreign tribunal substantially less burdensome.  Second, the Court finds Oklahoma "has a manifest interest in providing effective means of redress for its residents".  *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161,169 (2d Cir. 2015).  Third, the Court finds plaintiffs have a strong interest in obtaining relief.  Plaintiff Leach is the owner of a patent that defendant has allegedly infringed, and plaintiff Leach has an obvious interest in asserting her rights under that patent.  Fourth, the Court finds the interstate judicial system's interest in the efficient resolution of controversies is best served by litigating this action in this Court.  The instant action is already pending in this Court and provides the most efficient path to resolution.  Finally, the Court finds the shared interests of the states in furthering substantive social policies, here the protection of patents, also weigh in favor of the exercise of personal jurisdiction over defendant.

Accordingly, for the reasons set forth above, the Court finds that it has specific personal jurisdiction over defendant.[2]  The Court, therefore, DENIES defendant's Motion to Dismiss for Lack of Personal Jurisdiction [docket no. 6].

**IT IS SO ORDERED this 9th day of March, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] In its motion to dismiss, defendant also asserts that plaintiffs have failed to plead facts sufficient to justify this Court's exercise of personal jurisdiction over defendant.  Upon review of plaintiffs' Complaint, the Court finds that plaintiffs have sufficiently pled that this Court has personal jurisdiction over defendant.