## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

Jamie S. Leach and
Leachco Inc.,

      Plaintiffs,

v.
                                Case No. CIV-16-1034-SLP

Pharmedoc Inc.,

      Defendant.

## OBJECTION TO AND MOTION TO QUASH PLAINTIFFS' SUBPOENA SERVED ON NONPARTY AMAZON.COM, INC.

Pharmedoc Inc. ("Defendant") pursuant to Fed. R. Civ. P. 45 and Fed. R. Civ. P. 26, hereby objects to and moves to quash the subpoena of Jamie S. Leach and Leachco, Inc. ("Plaintiffs") served on nonparty Amazon.com, Inc. ("Amazon"). Plaintiffs' subpoena to Amazon seeks information that is irrelevant to the patent infringement claim in the underlying litigation, that is unduly burdensome, and that seek production of confidential information which Defendant has a proprietary and privacy interest in.

### INTRODUCTION

1. This litigation concerns Plaintiffs' allegation the Defendant infringed United States patent number 6,499,164 ('164 patent) covering a full body pregnancy pillow. *Exhibit 1 – '164 patent*.

2. Plaintiffs have subpoenaed nonparty Amazon. *Exhibit 2 - subpoena.*  Amazon acts as a third-party distributor and facilitates sales for many items in Defendant's line of

products, including the following four alleged infringing products (listed by Amazon ASIN):

B01KIQH2VU – C-shape pillow with jersey cover

B0153X1M14 – C-shape pillow with cotton cover

B01KMVO24G - replacement cover

B077GBCXG1 – men's C-shape pillow

Plaintiffs refer to these products as "PHARMEDOC'S PREGNANCY PILLOWS" in para. J. of its subpoena.

3. Plaintiffs also seek information from Amazon about several products that are entirely irrelevant to this patent infringement case, referring to these unrelated products as "PHARMEDOC'S OTHER PILLOW PRODUCTS" in para. K[1] of its subpoena:

B01K1PV7JE – wedge pillow

B011KMXODKW – leg rest pillow

B01JTLHQV2 – unknown

B01MTYWI1B – waterproof reusable bed pad

B01KVUL9UM – unknown

B01MOPTBUF – unknown

B01M01WFUS – wedge pillow

B01LY3KSOK – leg rest pillow

B01LXGGRK8 – memory foam pillow

---

[1] Mislabeled as "A" instead of "K."

B01NAH47MI – memory foam pillow

B01N4BV820 – memory foam pillow

B01L7Q7IZK – memory foam pillow

B01N5OHG86 – unknown

B01L7Q6TT6 – memory foam pillow

B019QRD3X - unknown

4. Plaintiffs' request for information about entirely irrelevant products is unduly burdensome on the well-established business relationship between the Defendant and Amazon.

5. Even more, ignoring the fact that the Defendant sells an entire line of products via Amazon, in requests 2 – 4A Plaintiffs seek information regarding essentially *all* internal records Amazon may have relating to *any* association with the Defendant.

6. Ostensibly, the reason for Plaintiffs' incredibly broad subpoena is to gain information regarding Defendant's revenue from pregnancy pillows. This is data which Defendant has already willingly provided to Plaintiffs.   In June of 2017, Defendant produced documents demonstrating that it had sales of $2,482,304.27 via Amazon. *Exhibit 3 – Pharmedoc 206-209*.  In October of 2017, Defendant supplemented its sales production to demonstrate sales of $2,681,343, 97% of which was via Amazon. *Exhibit 4 – Defendant's responses to Plaintiffs' second interrogatories*.   In December of 2017, Defendant supplemented its sales production to demonstrate total sales to date via Amazon of $3,603,660.32. *Exhibit 5 – Pharmedoc 6809 – 6811*.

7. Further, the information Plaintiffs have subpoenaed from Amazon is not limited to the Defendant. It goes far beyond that. Plaintiffs also seek to include any tangentially related parties, such as, "subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of their respective employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period…"

8. Although there is only a single patent at issue in this case, Plaintiffs have overreached:

(a) All agreements relating not only to the pregnancy pillow but also *any* "other pillow products" Defendant markets through Amazon.[2] *Exhibit 2; Request No. 1*.

(b) Anything relating to Defendant's "Seller Central Profile" on Amazon. That is, the platform through which Defendant is able to sell *all* its various inventory via Amazon. *Exhibit 2; Request No. 2*.

(c) For *all* of Defendant's products, performance reports, demand forecasts, inventory details, and invoice summaries. *Exhibit 2; Request No. 3*.

(d) All promotional efforts and advertising by Amazon for *any* of Defendant's products. *Exhibit 2; Request No. 4*.

---

[2] None of Defendants other pillow products are subject to this litigation. Defendant's other pillow related products marketed via Amazon include (1) a variety of office chair and car seat cushions; (2) a variety of orthopedic bed wedge pillows; (3) contour memory foam pillows for neck pain; (4) memory foam mattress toppers; (5) absorbent bed pads; (6) knee pillows; (7) elevating leg rest pillows; (8) toddler pillows, (9) memory foam pillows with cooling gel; (10) memory foam pillows without cooling gel; and (11) foam yoga blocks.

(e) Monthly inventory of sales and pricing for not only Defendant's pregnancy pillow but also *all* "other pillow products." *Exhibit 2; Request No. 7.* See also, footnote 1.

(f) Sales data reaching back to January 15, 2013. *Exhibit 2; Request Nos. 9 & 10.*

(g) Monthly and quarterly sales data for "each and every product" in Amazon's maternity and body pillow categories. *Exhibit 2; Request Nos. 11-14.*

## ARGUMENT AND AUTHORITY

**I.**     **Plaintiffs' Subpoena to Amazon is Overbroad, Unduly Burdensome, and Seeks Confidential Financial Information, Irrelevant to the Claims in the Underlying Litigation.**

Rule 45 of the Federal Rules of Civil Procedure authorizes an issuing court to enforce, quash, or modify a subpoena under certain circumstances. Fed. R. Civ. P. 45(d). Specifically, a court "*must* quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter . . . .or (iv) subjects a person to undue burden." *Id.* § 45(d)(3)(A) (emphasis added). The court in its discretion is "permitted" to quash or modify a subpoena when the subpoena requires disclosure of "other confidential research, development, or commercial information…" *Id.* § 45(d)(3)(B)(i).  Further, this Court is vested with broad discretion in ensuring that discovery is limited where "the discovery sought . . . can be obtained from some other source that is more convenient," or where the "burden . . . of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the actions, and the importance of the discovery in resolving the issues." *See* Fed. R. Civ. P. 26(b).Thus, when a court is determining whether a subpoena is overbroad and unduly burdensome, it will consider the burden of compliance as compared to the

benefit of production. *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004) (citations omitted); *see also* In re *Coordinated Pretrial Proceedings, Etc.*, 669 F.2d 620, 623 (10th Cir. 1992).

Whether a subpoena imposes an undue burden is a case-specific inquiry "that turns on such facts as relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Bradbury Co. v. Teissier-duCros, et al.*, Case No. 03-1391-WEB, 2005 WL 2972323, *3 (D. Kan. Nov. 3, 2005) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D. Kan. 2003)); *see also Linder v. Calero-Portocarrero*, 180 F.R.D. 168, 174 (D.D.C. 1998) ("Whether a burdensome subpoena is reasonable must be determined according to the facts of the case. Such as the party's need for the documents and the nature and importance of the litigation. . . . Accordingly, factors to be considered in the undue burden analysis include relevance, the need of the party for the documents, whether the request is cumulative and duplicative, the time and expense required to comply with the subpoena . . . , and the importance of the issues at stake in the litigation."(quoting another source) (internal quotation marks omitted). Also, relevant to this inquiry is the status of a person as a nonparty. *Bradbury Co.* at *3. *See also Wiwa v. Royal Dutch Petro. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.").

A.      **Plaintiffs' subpoena is overbroad because, rather than limiting the scope of discovery to the pregnancy pillow at issue in this patent infringement**

**litigation, the subpoena requires information about Defendant's ENTIRE line of products.**

Requiring Amazon to produce information on every product sold by Defendant will result in mountains of documents, totally irrelevant to this case. Such an inconvenience will unnecessarily prejudice an established business relationship that is vital to the success of Defendant's business.

Notwithstanding the narrow scope of this patent infringement litigation, Plaintiffs are seeking all documents relating or referring to all Defendant's products and specifically all "other pillow products." *Exhibit 2; Requests Nos. 1 & 3*. Plaintiff's discovery must be limited to information that is relevant or reasonably calculated to lead to the discovery of admissible evidence in the underlying suit. See Fed. R. Civ. P. 26(b). There is nothing relevant or admissible about Defendant's other products and business interests that are unrelated to the patent in suit.  For example, information on chair pillows and neck pillows will not prove infringement of the alleged infringing products. *Exhibit 2; Request Nos. 1 & 7. See also, footnote 1*.  More likely, Plaintiffs, as competitors, are inappropriately fishing for business information under the guise of patent-infringement discovery. More incredulous still is the fact that this invasive subpoena is directed at a nonparty, who acts as business colleague with the Defendant. *Bradbury Co.* at *3.  *See also, Wiwa v. Royal Dutch Petro. Co.*, 392 F.3d 812, 818 (5th Cir. 2004) ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.").

Additionally, Plaintiffs' overly broad and unduly burdensome demand on Amazon is completely ineffective and unproductive, given the fact that Defendant has already generated sales data for the Plaintiffs. *Exhibits 3-5*. Because Plaintiffs' harassment of Amazon disrupts an otherwise harmonious business relationship as the holiday season approaches, Defendant objects to Plaintiffs' subpoena and moves to quash the same.

> B.   **Plaintiffs' subpoena is overbroad and unduly burdensome because they seek discovery dating back to January 2010, when all parties acknowledge that Defendant's imports began in 2015.**

Defendant's disputed product has been imported only since 2015, yet Plaintiffs have subpoenaed records in some form or another all the way back to January 1, 2010.  Clearly, since both parties agree that 2015 was the relevant starting year, there will be no import-revenue data for the Defendant's alleged infringing pillow before that year. Thus, Plaintiffs' subpoena is objected to and should be quashed, as it is impossible there is anything relevant to discover about infringement before the product was imported or sold on Amazon. Moreover, as stated above, the relevant data related to revenue from the body pillow has already been supplied to Plaintiffs. *Exhibits 3-5.*

> C.   **Plaintiffs' subpoena inappropriately seeks confidential financial information.**

It is Defendant's prerogative, given its business relationship with Amazon, to move to quash the Plaintiffs' subpoena. While typically the party with standing to quash would be the subpoenaed party alone, the private nature of the documents sought, and Defendant's interest that such documents remain private, gives Defendant standing to challenge this subpoena. *Shutrump v. Safeco Ins. Co. of Am.*, No. 17-CV-0022-CVE-TLW, 2017 WL 3579211, at *2 (N.D. Okla. Aug. 18, 2017) ("Generally, absent a claim of privilege,

personal interest or proprietary interest, a party lacks standing to quash a subpoena served on a third party.") *see also, Howard v. Segway, Inc*., Case No. 11-CV-688-GKF-PJC (N.D. Okla. July 18, 2012).

As stated above, relevance is an element for the court to take into consideration when deciding on an overbroad argument. Relevance in discovery, while extensive, has its limits. *See, Heidelberg Americas v. Tokyo Kikai Seisakusho*, 333 F.3d 38, 41 (1st Cir. 2003). Discovery is limited to information that is either relevant or reasonably calculated to lead to the discovery of admissible evidence in the underlying suit. See Fed. R. Civ. P. 26(b). However, a requesting party "may not engage in merely speculative inquiries in the guise of relevant discovery." *Heidelberg Americas,* 333 F.3d at 41 (citing *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1328 (Fed. Cir. 1990)).

The material sought by the Plaintiffs is neither relevant nor likely to lead to any relevant information related to the issues being litigated in this case.  Plaintiffs' attempt to obtain an extensive amount of Defendant's financial information will not lead to any proof of the alleged patent infringement underlying this suit.

Additionally, and most importantly, the subject subpoena is unreasonably broad, as it seeks a significant amount of highly sensitive, confidential information that relates to a nonparty and is regarding an issue that simply has not been stated in this litigation.  The breadth of information sought will require Amazon to compile a significant amount of material, which will take an unreasonable amount of time and money, especially in light of both the information's irrelevance and Amazon's being otherwise uninvolved with this

litigation[3] Further, the production of this highly sensitive information is potentially injurious to Defendant's business relationship, which is entitled to protection from production of its financial information when it does nothing to further the pending litigation and instead only serves to bully the Defendant's business relationship.

> D.   **The Stipulated Protective Order does not give Plaintiffs unfettered access to Defendant's business records.**

Plaintiffs also point to the Stipulated Protective Order as justification for reviewing *all* privileged and confidential materials Amazon has for *all* of the Defendant's products. That incorrectly states the objective of the Stipulated Protective Order. The purpose of this litigation is to determine if infringement actually occurred, not expose all of the Defendant's sales data and business strategy to the Plaintiffs. While both parties have acknowledged some sharing of proprietary information will be necessary to resolve the litigation, the Stipulated Protective Order does not allow the Plaintiffs access to the innermost workings of the Defendant's business carte blanche.

It is also significant that Defendant has already provided Plaintiffs with sales data. Thus, any information sought by Plaintiffs clearly can be, and has been, received by Plaintiffs from a more convenient and less sensitive source.  Considering all of these factors, and in light of the fact that the burden of compliance will outweigh any possible relevance that might exist, in addition to the sensitive nature of the financial information

---

[3] Particularly noteworthy is the request for everything relating Defendant's Seller Central Profile, or sale platform. *Exhibit 2; Request No.* 2 The vague nature and undefined breadth of this request alone makes it clear that Plaintiffs do not know what they are looking for, and that they are either fishing for information or attempting to inconvenience Defendant.

involved, the subpoena is objected to and should be quashed.

## CONCLUSION

WHEREFORE, based on the foregoing, Defendant Pharmedoc respectfully objects to and requests that this Court issue an order quashing Plaintiffs' subpoena to Amazon.com, Inc.

Dated:      December 4, 2017                    Respectfully submitted,

                                                s/Mitchell K. McCarthy
                                                Mitchell K. McCarthy, OBA #18418
                                                Phillip L. Free, Jr., OBA #15765
                                                Elizabeth Muckala, OBA #21306
                                        By:   HALL, ESTILL, HARDWICK, GABLE,
                                                    GOLDEN & NELSON, P.C.
                                                100 North Broadway, Suite 2900
                                                Oklahoma City, OK  73102-8865
                                                Telephone:  (405) 553-2828
                                                Facsimile:  (405) 553-2855
                                                mmccarthy@hallestill.com
                                                pfree@hallestill.com
                                                emuckala@hallestill.com

                                                Aryeh Kaufmann
                                                5482 Wilshire Blvd., #1907
                                                Los Angeles, CA 90036
                                                (323) 943-2566

                                                **ATTORNEYS FOR DEFENDANT,
                                                PHARMEDOC**

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of December, 2017, a true and correct copy of the above and foregoing was electronically transmitted to the Clerk of the Court and transmittal of a Notice of Electronic Filing was electronically sent to the following counsel of record:

Douglas J Sorocco
Dunlap Codding PC - OKLAHOMA CITY
609 W Sheridan Ave
Oklahoma City, OK 73102
405-607-8600
Fax: 405-607-8686
Email: dsorocco@dunlapcodding.com

Evan W Talley
Dunlap Codding PC - OKLAHOMA CITY
609 W Sheridan Ave
Oklahoma City, OK 73102
405-607-8600
Fax: 405-607-8686
Email: etalley@dunlapcodding.com

Jordan Sigale
Dunlap Codding PC - CHICAGO
225 W Washington St
Suite 2200
Chicago, IL 60606
312-651-6744
Fax: 312-546-6284
Email: jsigale@dunlapcodding.com

*s/ Mitchell K. McCarthy*